# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **EDWARD LEE WAY**, *Plaintiffs*, v. **STATE OF GEORGIA,** *et al.*, *Defendants.* | CIVIL ACTION NO. 5:19-CV-00369-TES-TQL |

## ORDER OF DISMISSAL

Presently pending before the Court is a document filed by *pro se* Plaintiff Edward Lee Way, an inmate most recently incarcerated in the Baldwin State Prison, that has been construed as a Complaint seeking relief pursuant to 42 U.S.C. § 1983. [Doc. 1]. The Court has reviewed Plaintiff's submissions and finds that Plaintiff's Complaint must be **DISMISSED without prejudice** for failing to comply with the Court's orders and instructions.

On November 8, 2019, the United States Magistrate Judge granted Plaintiff's motion for leave to proceed *in forma pauperis* and ordered Plaintiff both to pay an initial partial filing fee and to recast his Complaint on the Court's standard form. Plaintiff was given 21 days to comply, and he was warned that the failure to fully and timely comply would result in the dismissal of his Complaint. [Doc. 5]. Plaintiff was further advised that his Complaint, as pleaded, appeared to be frivolous because it relied on "sovereign

citizen" and "redemptionist" theories that have been repeatedly rejected by the federal courts. *See generally* [Doc. 5].

On December 3, 2019, Plaintiff timely paid the required initial partial filing fee, but he did *not* recast his Complaint on the Court's standard form, as ordered. Instead, Plaintiff filed "[a] notice of [his] intention of a Bill of Equity in the federal district court" that again appeared to rely on sovereign citizen or redemptionist theories and objected to the Court's referral of non-dispositive matters in this case to the Magistrate Judge. [Doc. 6]. Because Plaintiff failed to comply with the order to recast, the Magistrate Judge ordered Plaintiff to respond and show cause why his lawsuit should not be dismissed for failing to follow the Court's orders and instructions. Plaintiff was again given 21 days to comply and warned that failure to respond would result in the dismissal of his case. *See generally* [Doc. 7].

The time for compliance has again passed, and Plaintiff has yet to recast his Complaint on the Court's standard form. Plaintiff did file a lengthy document declaring his status as an "American Freeman Private Citizen of the United States; American National." [Doc. 8]. However, this document is not on the Court's standard form nor does it approximate that form, and, furthermore, it is rife with references to the wholly frivolous sovereign citizen and redemptionist theories.

Because Plaintiff has failed to comply with the Court's instructions and orders, the Court **DISMISSES** this action **without prejudice.** *See* Fed. R. Civ. P. 41(b); *Brown*

2

*v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) (first citing Fed. R. Civ. P. 41(b) and then citing *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.").

**SO ORDERED**, this 5th day of March, 2020.

s/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**